UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| DAVID EARL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-CV-88-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| SANDRA BUTLER, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner David Earl Brown is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Ashland, located in Ashland, Kentucky.  Proceeding without counsel, Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of one of his federal sentences under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e)(2)(B)(ii).[1]  [D. E. No. 1]  Brown has paid the $5.00 filing fee.  [*Id.*]

---

[1]  The United States Sentencing Guidelines provide that a defendant is sentenced as an "armed career criminal" if he is subject to an enhanced sentence under the ACCA. U.S.S.G. § 4B1.4(a). Those, like Brown, who are convicted under 18 U.S.C. § 922(g) (*e.g.*, felon possessing a firearm) and have three previous convictions for "violent felon[ies] or ... serious drug offense[s]" are subject to an enhanced sentence under the ACCA.  18 U.S.C. § 924(e)(1). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that:

 (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

1

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Brown's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

At this stage of the proceedings, the Court accepts Brwon's factual allegations as true and construes all legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  The Court has reviewed Brown's § 2241 petition, but for the reasons set forth below, determines that that it cannot grant the relief which Brown seeks, *i.e.*, an order granting him relief from the 180-month federal sentence which he is currently serving.

## BACKGROUND

On April 22, 2008, a federal jury in a Tennessee convicted Brown of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  *United States v. David Earl Brown*, No. 1:06-CR-78 (E. D. Tenn. 2006) ("the Firearm

---

(ii)   is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

Id. § 924(e)(2)(B) (emphasis added).  The italicized portion is known as the "residual clause."

Proceeding"). Brown moved for a post-verdict judgment of acquittal, arguing that the sole evidence presented against him at trial--his confession--could not support the jury's verdict. Invoking the "corroboration rule," the district court agreed with Brown and acquitted him. The United States appealed and on August 24, 2010, the Sixth Circuit Court of Appeals reversed the district court's acquittal order and remanded the Firearm Proceeding, finding that sufficient independent evidence established the trustworthiness of Brown's statements. *United States v. David E. Brown*, 617 F.3d 857, 859 (6th Cir. 2010).

On remand, the district court concluded that because Brown's three prior state convictions for aggravated burglary qualified him as an armed career criminal, he was subject to a mandatory minimum sentence of 180 months. 18 U.S.C. § 924(e). Brown's advisory guidelines range was 210 to 262 months, but on November 29, 2010, the district court imposed the mandatory minimum sentence of 180 months. [D. E. No. 92, therein]

Brown appealed, challenging both his underlying conviction and his ACCA-enhanced sentence. On November 1, 2010, the Sixth Circuit affirmed Brown's 180-month sentence, finding that Brown qualified as an armed career criminal based on his three prior Tennessee convictions for aggravated burglary, all three of which the Sixth Circuit determined constituted "violent felonies" under the ACCA. *United States v. David E. Brown*, 443 F. App'x 956, 959-60 (6th Cir. 2011).

Brown also argued that ACCA's mandatory minimum as applied to him violated his both Fifth Amendment right to due process and equal protection, and his Eighth Amendment right to be spared cruel and unusual punishment. [*Id.*, at 960] The Sixth Circuit also rejected that argument, explaining that "'Congress has the power to define criminal punishments without giving the courts any sentencing discretion,' *Chapman v. United States*, 500 U.S. 453, 467, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), and that 'mandatory prison sentences are not cruel and unusual." [*Id.*]   On November 3, 2011, the district court entered an Order directing Brown to surrender to the BOP on or before 2:00 p.m. on November 10, 2011, to begin serving the 180-month sentence imposed in the Firearm Proceeding. [D. E. No. 99, therein]  When Brown failed to surrender on the designated date, the district court issued a warrant for his arrest.  [D. E. No. 102, therein]

On November 22, 2011, Brown was indicted for Failure to Surrender for Service of Sentence, in violation of 18 U.S.C. § 3146(a)(2).  *United States v. David Earl Brown*, No. 1:11-CR-111-HSM-SKL-1 (E.D. Tenn. 2011) ("the Failure to Surrender Proceeding") [D. E. No. 1, therein]  Brown eventually pleaded guilty to the failure to surrender charge.  [D. E. Nos. 13-16, therein]   On July 24, 2012, the district court sentenced Brown to a 21-month prison sentence, which under 18 U.S.C. § 3584(a),[2] presumably runs consecutively to the 180-month sentence

---

[2] Title 18 U.S.C. § 3584(a) provides, in relevant part, that "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

previously imposed in the Firearm Proceeding. [D. E. No. 27, therein; *see also* D. E. No. 92 in the Firearm Proceeding]

On November 2, 2012, Brown filed a motion pursuant to 28 U.S.C. § 2255 in the Firearm Proceeding to vacate his 180-month sentence. [D. E. No. 105, therein] Brown argued that in numerous instances, he had received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment of the U.S. Constitution; that the district court had violated his right to due process guaranteed by the Fifth Amendment of the U.S. Constitution in connection with various evidentiary rulings; and that the government prosecutor had improperly withheld *Brady* material in violation of his Fifth Amendment right to due process.

On January 26, 2015, Brown filed a motion in the Firearm Proceeding seeking both the appointment of counsel and permission to amend his § 2255 motion. [D. E. No. 113, therein]. Brown alleged that his trial counsel failed to inform him about the entry of the November 3, 2010, Order directing him to surrender and begin serving his 180-month sentence, and that his counsel's alleged failure to do so constituted another example of ineffective assistance of counsel in the Firearm Proceeding. [*Id.*]

On September 3, 2015, the district court entered an Order granting Brown's motion to amend his § 2255 motion, but denying his motion for appointment of counsel. [D. E. No. 115, therein] However, on October 5, 2015, the government

filed a response in opposition to Brown's motion to amend, in which it argued, among other things, that Brown's new claim is untimely and that it does not relate back to any timely-filed claim. [D. E. No. 116, pp. 2-3, therein]  The government stated that Brown's newly asserted claim is based on his conviction in the Failure to Surrender Proceeding, an entirely separate case from the Firearm Proceeding. [*Id.*]

As of November 2, 2015, Brown's § 2255 motion is currently pending in the Firearm Proceeding.

## BROWN'S CLAIMS UNDER 28 U.S.C. § 2241

In his § 2241 petition, Brown challenges the 180-month sentence imposed in the Firearm Proceeding, arguing that the district court improperly used his three prior Tennessee aggravated burglary convictions to enhance his sentence under the ACCA.[3]  Brown alleges that absent the ACCA enhancement, he would have faced no more than a 10-year prison sentence. [D. E. No. 1-1, p. 3]  Brown bases his challenge on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  *Johnson* addressed the constitutionality of the residual clause of the ACCA, holding that it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

---

[3] If Brown intended to challenge the subsequent 21-month sentence imposed in the Failure to Surrender Proceeding, he alleged no facts manifesting that intention.

6

Brown appears to take the position that the district court enhanced his 180-month sentence based on the ACCA's residual clause, which broadly encompasses prior violent felony offenses which "… otherwise involves conduct that presents a serious potential risk of physical injury to another," *not* on the preceding language in § 924(e)(2)(B)(ii), which lists four specific predicate violent felony offenses, one of which is burglary.   Brown contends that because the Supreme Court has now held that the residual clause is unconstitutionally vague, his enhanced sentence violates his right to due process set forth in the Fifth Amendment of the U.S. Constitution.   He argues that *Johnson* announces a new substantive rule of constitutional law which applies retroactively to final convictions, such as his. [*Id.*, p. 7]

Brown further asserts that because the government has filed a response to his § 2255 motion which is currently pending in the Firearm Proceeding, he is precluded from filing a second motion to amend his § 2255 motion seeking permission to assert a *Johnson* claim.   [*Id.*, p. 3]   Brown thus contends that his remedy under § 2255 provides an inadequate and ineffective of means by which to challenge his federal detention.   [*Id.*, p. 8]   Brown alleges that based on *Johnson*, his sentence should be set aside and he should be immediately released from federal custody.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Brown is not challenging the manner in which the BOP is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which fall under the purview of § 2241. Instead, Brown contends that his sentence, which he claims was enhanced under the ACCA's residual clause, violates his due process constitutional rights, and that based on *Johnson*, he

should be resentenced without the enhancement and/or released from federal custody.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Id.* "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.*, 180 F.3d at 756.

Several considerations prevent this Court from entertaining Brown's § 2241 petition. First and foremost, Brown's § 2241 petition is premature. Brown cannot contemporaneously seek relief from his 180-month sentence by way of a § 2241 petition in this Court while his § 2255 motion is pending in the Firearm Proceeding; he must wait until the Tennessee district court has ruled on his § 2255 motion. *See Smith v. Butler*, No. 6:15-CV-165-DLB, 2015 WL 224925, at *2 (Jan. 15, 2015) (denying § 2241 petition as premature while prisoner's § 2255 motion was pending in the district court where he was sentenced); *Besser v. Holland*, No. 0:11-CV-70-HRW (E.D. Ky. 2011) (dismissing § 2241 petition as premature pending resolution of petitioner's § 2255 motion in the sentencing court), *aff'd*,

478 F. App'x 1001 (6th Cir. 2012); *Colbert v. Ives*, No. 12-CV-99-GFVT, 2013 WL 1856080, at *4 (E.D. Ky. Apr. 30, 2013) (collecting cases); *White v. Grondolsky*, No. 06-CV-309-DCR, 2006 WL 2385358, at *2 (E.D. Ky. Aug. 17, 2006) (finding that petitioner was not entitled to relief under § 2241 where he was simultaneously litigating the validity of his sentence in a pending § 2255 motion); *Reynolds v. Martinez*, No. 09-CV-2509, 2009 WL 3182918, at *1 (3d Cir. Oct. 6, 2009).  Further, any delay by the Tennessee district court in deciding Brown's § 2255 motion does not render that remedy inadequate or ineffective, such that Brown can seek contemporaneous relief in this Court under § 2241. *United States v. Pirro*, 104 F. 3d 297, 300 (9th Cir. 1997)

Second, Brown can file a motion in his pending § 2255 motion and request permission to assert his *Johnson* claim in that proceeding.  Since *Johnson* was rendered four months ago, district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim. *See Ruiz v. Ebbert*, No. 3:CV-151612, 2015 WL 5997105, at *2 (M.D. Pa. Oct. 14, 2015) (dismissing the § 2241 petition and advising the petitioner that he should seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition regarding his *Johnson* claim); *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was

not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Cockrell v. Krueger*, No. 15-CV-1279, 2015 WL 4648029, at *2-3 (C.D. Ill. Aug. 5, 2015); *Jennings v. Lariva*, No. 2:14-CV-63-WTL-WGH, 2015 WL 5156047, at *2 (S.D. Ind. Sept. 2, 2015) (collecting cases); *Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at **2-6 (M. D. Pa. Aug. 6, 2015).

Again, resort to a habeas corpus petition under § 2241 is precluded if a motion under § 2255 provides a viable remedy, and hence is not "inadequate and ineffective" to test the legality of the petitioner's detention. *Jennings*, 2015 WL 5156047, at *2 ("[A]n inmate [wishing to assert a claim under *Johnson*] has a meaningful remedy to file a second or successive § 2255 motion, via an application pursuant to 28 U.S.C. § 2255(h). The existence of this remedy negates both the need and the opportunity to use the savings clause of 28 U.S.C. § 2255(e).")

The Court cannot conclude that Brown's remedy under § 2255 is inadequate or ineffective, because Brown's § 2255 motion is *currently pending* in the Firearm Proceeding. Brown broadly alleges that he cannot assert a *Johnson* claim in his currently pending § 2255 motion, *see* D. E. No. 1-1, p. 3, but Brown should file a motion seeking permission to amend his § 2255 motion to assert his new

sentencing challenge based on *Johnson*.[4]    Because Brown's current § 2241

challenge is predicated upon *Johnson*'s recent holding that the ACCA's residual

clause is unconstitutional, the Tennessee district court would be in a far better

position to determine whether *Johnson* impacts Brown's 180-month sentence,

whenever it addresses the other Fifth and Sixth Amendment claims which Brown

has raised in his § 2255 motion.  If the Tennessee district court concludes that

*Johnson* affords Brown any retroactive relief as to his sentence, it can enter an

appropriate order amending the 180-month sentence imposed on November 23,

2010, in the Firearm Proceeding.  If, on the other hand, the Tennessee district court

determines that Brown's *Johnson* challenge is untimely, or that it otherwise lacks

merit, it will so advise the Brown, and Brown may appeal that adverse decision to

the Sixth Circuit.[5]

---

[4] This Court offers no opinion as to whether *Johnson* affords Brown any relief.  Indeed, *Johnson* involves only prior offenses considered by a district court for enhancement purposes under the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).  By contrast, Brown's three prior convictions were for aggravated burglary, and the language in § 924(e)(2)(B)(ii) which immediately precedes the residual clause specifically lists burglary as "violent felony" that could trigger a sentence enhancement.  Thus, it is possible that Brown's three prior aggravated burglary convictions do not fall under the residual clause, and that *Johnson* does not apply to Brown's case.

[5] If the Tennessee district denies Brown's pending § 2255 motion before this Memorandum Opinion and Order is entered, Brown may be in a position to seek relief under *Johnson* by requesting permission from the Sixth Circuit to file a second or successive motion for relief under § 2255 based on *Johnson*.  The Sixth Circuit may grant the request where the moving party requests relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  The request for permission must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  *See also Cockrell*, 2015 WL 4648029, at *2-3.  *Johnson* was rendered on June 26, 2015.

The Sixth Circuit has yet to formally determine whether *Johnson* qualifies as a retroactively applicable decision available to cases on collateral review, and the circuit courts of appeal have thus far reached conflicting results on this question. Compare *Price v. United States*, 795 F. 3d 731 (7th Cir. 2015) (holding that *Johnson* is retroactively applicable to cases on collateral review for purposes of § 2255(h)(2)) with *In re: Rivero*, 797 F. 3d 986, 989 (11th Cir. 2015) (rejecting *Price*, holding that "[a]lthough we agree that *Johnson* announced a new substantive rule of constitutional law, we reject the notion that the Supreme Court has held that the new rule should be applied retroactively on collateral review" as required by § 2255(h)(2)) (citing *In re: Anderson*, 396 F. 3d 1336, 1339 (11th Cir. 2005) ("When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding.")).[6]  It is therefore uncertain what approach the Sixth Circuit might take if and when presented with the issue.

The third consideration at play here is that a federal prisoner proceeding under § 2241 can invoke the savings clause of § 2255 only if he alleges "actual

---

[6] The Eleventh Circuit explained that there are two types of substantive rules of constitutional law which apply retroactively to cases on collateral review:  those which prohibit punishment of certain types of *primary conduct* (such as homosexual sodomy between consenting adults and flag burning), and those which prohibit a category of punishment for *certain offenders or offenses* (such as taking the life of a mentally retarded offenders or taking the life of a child rapist unless the crime took the life of the victim). *In re Rivero*, 797 F.3d at 990. The Eleventh Circuit concluded that "The new rule announced in *Johnson* neither prohibits Congress from punishing a criminal who has a prior conviction for attempted burglary nor prohibits Congress from increasing that criminal's sentence because of his prior conviction." *Id.*

innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and an actual innocence claim can proceed under § 2241 only when it is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). Brown faces an obstacle to establishing an actual innocence claim because he does not challenge the validity of his underlying illegal firearm-possession conviction in this § 2241 proceeding. Brown instead challenges the length of his sentence, arguing that under *Johnson*, he should be released from federal custody because he received an excessive prison sentence.

The Sixth Circuit has not, however, extended to savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence. In fact, the Sixth Circuit has repeatedly held that claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

14

Because Brown asserts a sentencing claim, and because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences, Brown has not alleged a valid actual innocence claim that is cognizable under § 2241.

For the reasons set forth above, Brown has not demonstrated that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged that he is actually innocent of the underlying offense of which he was convicted. Because Brown is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1.     Petitioner David Earl Brown's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2.     The Court will enter an appropriate Judgment.

3.     This 28 U. S. C. § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This November 3, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge